J-S58015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY M. WINKELMAN, | |
| Appellant | No. 2158 MDA 2014 |

Appeal from the Judgment of Sentence October 7, 2013
in the Court of Common Pleas of Clinton County
Criminal Division at No.: CP-18-CR-0000051-2013

BEFORE:  GANTMAN, P.J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:**FILED NOVEMBER 12, 2015**

Appellant, Anthony M. Winkelman, appeals, *nunc pro tunc*, from the judgment of sentence of October 7, 2013.  On appeal, Appellant claims he received ineffective assistance of plea counsel and should be granted a new trial.  For the reasons discussed below, we affirm the judgment of sentence.

We take the underlying facts and procedural history in this matter from the PCRA court's November 19, 2014 opinion and our independent review of the certified record.

On October 31, 2011, in case number 302-2011 CR, Appellant pleaded guilty to a single count of simple assault.  (**See** PCRA Court Opinion, 11/19/14, at 1).  On February 13, 2012, the trial court sentenced him to a

_____

[*] Retired Senior Judge assigned to the Superior Court.

term of incarceration of not less than twenty days nor more than twenty-three months. (*See id.*). Appellant's maximum sentence date in this matter was January 13, 2014. (*See id.*).

On September 5, 2013, in case number 51-2013 CR, Appellant entered a negotiated guilty plea to one count each of robbery, aggravated assault, and theft by unlawful taking. (*See* N.T. Guilty Plea Hearing, 9/05/13, at 2-3). The charges arose from a November 12, 2012 incident, wherein Appellant and a juvenile accomplice assaulted the victim and stole her purse. (*See id.* at 3-6). In return for the plea, the Commonwealth agreed to the following: (1) to run the standard range sentences for robbery and aggravated assault concurrently; (2) a sentence of five years of probation for theft to run consecutively to the robbery and aggravated assault sentences; and (3) to drop the remaining charges of receiving stolen property, simple assault, disorderly conduct, possession of a controlled substance, and harassment. (*See id.* at 2-3).

On October 7, 2013, the trial court sentenced Appellant to an aggregate term of incarceration of not less than fifty-four months nor more than two hundred and forty months for robbery and aggravated assault, and a consecutive term of three years' probation for theft. (*See* N.T. Sentencing, 10/07/13, at 11). At that same hearing, the trial court revoked Appellant's probation on case number 302-2011 CR. (*See id.* at 10). The trial court then immediately reparoled Appellant. (*See id.*). On October 15,

2013, Appellant filed a motion to modify and reduce sentence. In the motion, Appellant argued that the trial court erred in not crediting him for time served. (***See*** Motion to Modify and Reduce Sentence, 10/15/13, at unnumbered page 2). Following a hearing, on October 21, 2013, the trial court denied the motion. (***See*** Order, 10/22/13, at 1). Appellant did not file a direct appeal and did not seek to withdraw his guilty plea.

On April 28, 2014, Appellant, acting *pro se*, filed a "Motion to Request that the Court of Common Pleas, Commonwealth of Pennsylvania, Reopen the Time for Appeal in Case No. 302-11 CR & Case No. 51-13 CR." (Motion, 4/28/14, at 1). On April 30, 2014, the court issued an order deeming Appellant's motion to be a PCRA petition and appointing counsel for him. (***See*** Order, 4/30/14, at 1).

On August 1, 2014, Appellant filed an amended PCRA petition. In the amended petition, Appellant claimed that he received ineffective assistance of counsel because, in part, counsel failed to file a direct appeal, did not properly investigate his physical and mental health problems, and did not file any post-plea motions. (***See*** Amended PCRA Petition, 8/01/14, at unnumbered page 2).

A PCRA hearing took place on September 19, 2014, at which both Appellant and Attorney Strouse testified. At the hearing, the Commonwealth argued that the PCRA petition as to case number 302-2011 should be dismissed as untimely. (***See*** N.T. PCRA Hearing, 9/19/14, at 3). Further,

Appellant acknowledged that he had erred in claiming that plea counsel did not file any post-sentence motions. (**See id.**).

Appellant testified that, after his sentencing on case number 51-2013 CR, he asked Attorney Strouse to file a direct appeal. (**See id.** at 6-7). On cross-examination, Appellant acknowledged that, at the time he requested that counsel file a direct appeal, he did not have any particular issue that he wanted counsel to appeal. (**See id.** at 13-15). Attorney Strouse testified that Appellant never asked him to file a direct appeal. (**See id.** at 22).

At the end of the hearing, the PCRA court, *sua sponte*, raised the issue of whether the aggravated assault and robbery charges merged for purposes of sentencing and whether the theft merged with the robbery charge. (**See id.** at 36). When asked, Attorney Strouse was unable to recall if, at the time, he believed the sentences merged, but stated if he had believed it he would have made that argument to the trial court. (**See id.** at 36-37). He testified that he did not believe the charges merged. (**See id.**). The PCRA court ordered the parties to brief the merger issues. (**See id.** at 38). Appellant filed his brief on October 23, 2014, and the Commonwealth replied on November 13, 2014.

On November 19, 2014, the PCRA court issued an opinion and order. The court dismissed the PCRA petition in case number 302-2011 as untimely. (**See** PCRA Ct. Op. at 3). The court reinstated Appellant's direct appeal rights. (**See** Order, 11/19/14, at 6). Lastly, the PCRA court found

- 4 -

that the charges of theft and robbery merged for purposes of sentencing and vacated the sentence of probation for theft.[1] (**See id.**).

On December 17, 2014, Appellant filed an appeal from the "sentencing order entered in this matter on October 7, 2013[.]" (Notice of Appeal, 12/17/14, at 1). On December 18, 2014, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). On January 6, 2015, Appellant filed his timely Rule 1925(b) statement. In February 19, 2015, the PCRA court issued an opinion. **See** Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review:

1. Did [Appellant's] trial counsel provide ineffective assistance to [him] by allowing [Appellant] to plea (sic) to two crimes, robbery and theft by unlawful taking, that should have merged?

2. Did [Appellant's] trial counsel provide ineffective assistance to [him] by failing to notify [Appellant] of his appeal rights of the sentence?

(Appellant's Brief, at 3) (some capitalization omitted).[2] [3]

Both of Appellant's issues on appeal involve claims that he received ineffective assistance of plea counsel. (**See** Appellant's Brief, at 3). With

---

[1] The PCRA court did not hold a resentencing hearing.

[2] Appellant does not challenge the PCRA court's holding that the PCRA petition regarding case number 302-2011 CR was untimely.

[3] We note that these claims are different from the ineffective assistance of counsel claims raised in the amended PCRA petition.

two limited exceptions, ineffective assistance of counsel claims are deferred for review pursuant to the PCRA. **See Commonwealth v. Holmes**, 79 A.3d 562, 563 (Pa. 2013). Ineffective assistance of counsel claims are allowed on direct appeal only where there are: (1) "extraordinary circumstances" such that "a discrete claim (or claims) of trial counsel's ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice," or (2) good cause and "the unitary review . . . is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA." **Id.** at 563-64.

Here, Appellant raises his ineffective assistance of counsel claims on direct appeal. Because Appellant's ineffective assistance claims do not fall into either exception discussed above, we dismiss his claims without prejudice to raising them in a timely filed PCRA petition.[4] **See Commonwealth v. Stollar**, 84 A.3d 635, 652 (A.2d 2014), *cert. denied*, 134 S.Ct. 1798 (2014) (dismissing, pursuant to **Holmes**, appellant's

_____

[4] We note that Appellant did not raise these claims below and did not raise them in his Rule 1925(b) statement, thus even if the claims were properly raised on direct appeal, he waived them. **See** Pa.R.A.P. 302(a); **Commonwealth v. Truong**, 36 A.3d 592, 598 (Pa. Super. 2012) (*en banc*), *appeal denied*, 57 A.3d 70 (Pa. 2012) (new legal theories cannot be raised for first time on appeal); **Commonwealth v. Coleman**, 19 A.3d 1111, 1118 (Pa. Super. 2011) (issues raised for first time in Rule 1925(b) Statement are waived).

ineffective assistance of counsel claims raised on direct appeal without prejudice to pursue them on collateral review).

Judgment of sentence affirmed.

President Judge Gantman joins the Memorandum.

Judge Olson concurs in the result.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/12/2015